UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
UNITED STATES OF AMERICA                                               :
:
        -v.-                   :  **SECOND FINAL ORDER OF**
                               :  **FORFEITURE**
MICHAEL SCRONIC,                                                       :
:  18 CR. 43 (CS)
        Defendant.             :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        WHEREAS, on or about March 15, 2018, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 29), which ordered the forfeiture to the United States of all right, title and interest of MICHAEL SCRONIC, the defendant, in the following property:

      a. all right, title and interest of the defendant in all that lot or parcel of land, together with its buildings, appurtances, improvements, fixtures, attachments and easements, located at Unit lD, Stratton Springs Condominium, Stratton Springs Road, Stratton, Vermont;

(the "Specific Property");

        WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on May 23, 2018 for thirty (30) consecutive days, through June 21, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on January 11, 2019 (D.E. 57);

WHEREAS, on or about May 2, 2018, notice of the Preliminary Order of Forfeiture was sent by regular mail to:

1) Stratton Springs Condominium Association, Inc.
   P.O. Box 504
   Stratton Mountain, VT 05115

(the "Notice Party");

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed with the exception of the petition filed on May 30, 2018 by the Stratton Springs Condominium Association, Inc. (the "Association") (D.E. 30) claiming an interest in the Specific Property; and the petition filed on September 21, 2018 by Bank National Association ("U.S. Bank") (D.E. 47) claiming an interest in the Specific Property;

WHEREAS, on or about February 4, 2019, the Court entered a Stipulation and Order (D.E. 65), between the Association and the Government fully resolving the Association's claim to the Specific Property;

WHEREAS, on or about February 4, 2019, the Court entered a Stipulation and Order (D.E. 66), between U.S. Bank and the Government fully resolving U.S. Bank's claim to the Specific Property;

WHEREAS, the defendant, the Association and U.S. Bank are the only people and/or entities known by the Government to have a potential interest in the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2) or following the disposition of any such petitions filed under Title 21, United States Code, Section 853(n);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3. The United States Marshals Service (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4. The Clerk of the Court shall forward four certified copies of this Second Final Order of Forfeiture to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: White Plains, New York
February __4__, 2019

SO ORDERED.

_____
CATHY SEIBEL, U.S.D.J.